# In the United States Court of Federal Claims

No. 20-1209
(Filed: February 19, 2021)
(NOT FOR PUBLICATION)

```
* * * * * * * * * * * * * * * * *
                                 *
KEVIN LAMONTE BREWER,            *
                                 *
               Plaintiff,        *
                                 *
       v.                        *
                                 *
THE UNITED STATES,               *
                                 *
               Defendant.        *
                                 *
  * * * * * * * * * * * * * * * **
```

*Kevin Lamonte Brewer*, *pro se*, of Avon, IN.

*Zachary John Sullivan*, Trial Attorney, Civil Division, U.S. Department of Justice, Washington, D.C., for defendant.

## MEMORANDUM OPINION AND ORDER

**SOMERS**, Judge.

   *Pro se* plaintiff, Kevin L. Brewer, filed a complaint on September 14, 2020, seeking money damages for wrongful conviction and imprisonment pursuant to 28 U.S.C. § 1495 and 28 U.S.C. § 2513. On November 13, 2020, the government filed a motion to dismiss the plaintiff's complaint under Rule 12(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC") for failure to state a claim upon which relief can be granted. While the Court agrees with the government that the plaintiff's complaint must be dismissed, based on the text of the relevant statutes and previous decisions regarding those statutes, the proper grounds for dismissal of the plaintiff's complaint is for lack of subject matter jurisdiction. Accordingly, for the following reasons, this case is **DISMISSED** pursuant to RCFC 12(h)(3).

## I. BACKGROUND

   Congress passed the Sex Offender and Registration Notification Act ("SORNA"), 42 U.S.C. §§ 16901–16991, in 2006, requiring those convicted of sex offenses to "provide state governments with (and to update) information, such as names and current addresses, for inclusion on state and federal sex offender registries." *Reynolds v. United States*, 565 U.S. 432, 434 (2012). Congress did not make SORNA's registration requirements effective on those convicted of sex offenses before its enactment; rather, SORNA provided the Attorney General

with rule-making authority to determine registration requirements for pre-SORNA offenders. 42 U.S.C. § 16913(d). In February 2007, the Attorney General promulgated an Interim Rule making SORNA registration requirements applicable to individuals convicted of pre-SORNA sex offenses. 72 Fed. Reg. 8894, 8897 (Feb. 28, 2007).

Based on the Attorney General's Interim Rule, in 2009, the plaintiff was arrested and pleaded guilty for failing to register under SORNA due to a 1997 sex offense conviction. *United States v. Brewer*, 766 F.3d 884, 886 (8th Cir. 2014). However, in 2014, the Court of Appeals for the Eighth Circuit overturned plaintiff's conviction, finding the Attorney General's Interim Rule violated the Administrative Procedure Act. *Id.* at 892.

Following the Eighth Circuit's ruling, the District Court for the Western District of Arkansas ("district court") vacated plaintiff's conviction and discharged him from federal custody on October 6, 2014. Order on Defendant's Motion for Release, *United States v. Brewer*, No. 09-60007 (W.D. Ark. Oct. 6, 2014), ECF No. 131. On September 16, 2020, plaintiff filed a petition for certificate of innocence from the district court pursuant to 28 U.S.C. § 2513. Petition for Certificate of Innocence, *United States v. Brewer*, No. 09-60007 (W.D. Ark. Sept. 16, 2020), ECF No. 136; Motion to Amend Petition for Certificate of Innocence, *United States v. Brewer*, No. 09-60007 (W.D. Ark. Sept. 16, 2020), ECF No. 137. Plaintiff's petition for a certificate of innocence was denied by the district court on January 26, 2021. Order Adopting Report and Recommendation, *United States v. Brewer*, No. 09-60007 (W.D. Ark. Jan. 26, 2021), ECF No. 144.

On September 14, 2020, plaintiff filed a wrongful conviction and imprisonment complaint in this Court seeking monetary damages pursuant to 28 U.S.C. § 1495 and § 2513. *See* Compl. ¶1.

## II. DISCUSSION

### A. Legal Standard

The government moved to dismiss the plaintiff's complaint for failure to state a claim; however, the proper grounds for dismissal of the plaintiff's complaint is for lack of subject matter jurisdiction. As "federal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore . . . must raise and decide jurisdictional questions that the parties either overlook or elect not to press," *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011) (citations omitted), the Court is within its authority to raise jurisdictional issues with the complaint *sua sponte*. RCFC 12(h)(3); *see also Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006) ("The objection that a federal court lacks subject-matter jurisdiction may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment.").

In applying RCFC 12(h)(3) to the complaint, the Court recognizes that it is well established that a *pro se* plaintiff is held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, while "[t]he fact that [a plaintiff] acted *pro se* in the drafting of his complaint may explain its ambiguities, . . . it

does not excuse its failures, if such there be." *Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995). Accordingly, although the Court should afford a *pro se* litigant leniency with respect to mere formalities, that leniency does not immunize a *pro se* plaintiff from meeting jurisdictional requirements. *Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987) ("[L]eniency with respect to mere formalities should be extended to a *pro se* party. . . . However, . . . a court may not similarly take a liberal view of [a] jurisdictional requirement and set a different rule for *pro se* litigants only."). Thus, a *pro se* plaintiff still "bears the burden of establishing the Court's jurisdiction by a preponderance of the evidence." *Riles v. United States*, 93 Fed. Cl. 163, 165 (2010) (citing *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002)).

## B. Analysis

When sufficiently pleaded, 28 U.S.C. § 1495 provides this Court with jurisdiction over claims seeking monetary damages for unjust conviction and imprisonment: "The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim for damages by any person unjustly convicted of an offense against the United States and imprisoned." 28 U.S.C. § 1495. Section 1495, though, "must be read in conjunction with 28 U.S.C. § 2513" to meet the statute's jurisdictional requirements, which are "strictly construed" and place "a heavy burden . . . upon a claimant seeking relief. . . ." *Humphrey v. United States*, 52 Fed. Cl. 593, 596 (2002), *aff'd*, 60 F. App'x 292 (Fed. Cir. 2003). "When [sections 1495 and 2513] are read together it becomes manifest that the sections confer jurisdiction on this court only in cases where there has been conviction and in which the other conditions set out in section 2513 are complied with." *Grayson v. United States*, 141 Ct. Cl. 866, 869 (1958); *Moore v. United States*, 230 Ct. Cl. 819, 820 (1982) ("A claim [brought pursuant to section 1495] is severely restricted by the requirements of 28 U.S.C. § 2513 (1976) which is jurisdictional and therefore must be strictly construed."); *Lucas v. United States*, 228 Ct. Cl. 862, 863 (1981); *Vincin v. United States*, 199 Ct. Cl. 762, 766 (1972).[1]

The government moved to dismiss the plaintiff's complaint for failure to state a claim upon which relief can be granted. The government's reliance on RCFC 12(b)(6) for dismissal is understandable; this Court has occasionally dismissed similar complaints for failure to state a claim. *See, e.g., Sykes v. United States*, 105 Fed. Cl. 231 (2012). However, binding precedent from the Court of Claims (*see* cases cited above and a full discussion of those cases in *Wood v. United States*, 91 Fed. Cl. 569 (2009)) and the text of 28 U.S.C. § 1495 establish that Congress conditioned the exercise of jurisdiction under section 1495 upon a plaintiff further meeting the requirements of section 2513. Stated differently, in order for a plaintiff seeking money damages for unjust conviction and imprisonment to be within the class of plaintiffs covered by the jurisdictional grant in section 1495, that plaintiff must satisfy the requirements of section 2513. *See, e.g., Jan's Helicopter Service, Inc. v. United States*, 525 F.3d 1299, 1307 (Fed. Cir. 2008)

---

[1] *See also Humphrey v. United States*, 60 Fed. Appx. 292, 295 (Fed. Cir. 2003) (holding that Court of Federal Claims lacked jurisdiction under § 2513 when trial court's order dismissing plaintiff's indictment and vacating his sentence failed to "satisfy the jurisdictional requirements of § 2513"); *Caudle v. United States*, 36 F.3d 1116, 1994 WL 502934, at *1 (Fed. Cir. 1994) (unpublished table decision) ("The courts have repeatedly held that the requirements of 28 U.S.C. § 2513 are jurisdictional and that the plaintiff cannot recover under this statute unless he furnishes a certificate of the convicting court that his conviction has been reversed on the grounds of his innocence.").

(explaining that once a claimant has identified a money-mandating source, that source must additionally be reasonably amenable to the reading that the plaintiff is within the class of plaintiffs entitled to recover under the statute in order for the Court of Federal Claims to have jurisdiction) (internal quotations omitted).

The requirements that must be complied with in section 2513(a) are that:

(1) His conviction has been reversed or set aside on the ground that he is not guilty of the offense of which he was convicted, or on new trial or rehearing he was found not guilty of such offense, as appears from the record or certificate of the court setting aside or reversing such conviction, or that he has been pardoned upon the stated ground of innocence and unjust conviction and

(2) He did not commit any of the acts charged or his acts, deeds, or omissions in connection with such charge constituted no offense against the United States, or any State, Territory or the District of Columbia, and he did not by misconduct or neglect cause or bring about his own prosecution.

28 U.S.C. § 2513. Moreover, according to section 2513(b), "[p]roof of the requisite facts shall be by a certificate of the court . . . wherein such facts are alleged to appear, and other evidence thereof shall not be received." 28 U.S.C. § 2513(b). In other words, according to section 1495, when read in conjunction with section 2513, the plaintiff must have a certificate of innocence for this Court to have jurisdiction over his wrongful conviction claim under section 1495. *E.g.*, *Abu-Shawish v. United States*, 120 Fed. Cl. 812, 813 (2015) ("[I]n order for this court to have jurisdiction, a plaintiff must obtain a certificate of innocence from the district court which states that not only was he not guilty of the crime of conviction, but also that none of his acts related to the charged crime were other crimes."); *Wood v. United States*, 91. Fed. Cl. 569, 577 (2009) ("[T]his court holds that compliance with § 2513, including submission of a certificate of innocence from the federal district court, is a prerequisite to the jurisdiction of the Court of Federal Claims.").

Plaintiff's petition for a certificate of innocence was denied on January 26, 2021, by the district court. Order Adopting Report and Recommendation, *United States v. Brewer*, No. 09-60007 (W.D. Ark. Jan. 26, 2021), ECF No. 144. Therefore, the plaintiff cannot meet the requirements set forth in section 28 U.S.C. § 2513 for this Court to have jurisdiction over his wrongful conviction claim under 28 U.S.C. § 1495. Moreover, neither the district court order that released the plaintiff from custody, Order on Defendant's Motion for Release, *United States v. Brewer*, No. 09-60007 (W.D. Ark. Oct. 6, 2014), ECF No. 131, nor the Eighth Circuit's decision vacating the plaintiff's conviction, *United States v. Brewer*, 766 F.3d 884 (8th Cir. 2014), satisfy the requirements of section 2513 and, therefore, cannot themselves be considered a certificate of innocence.

Accordingly, because Plaintiff does not have a certificate of innocence, this Court must dismiss plaintiff's complaint pursuant to RCFC Rule 12(h)(3) for lack of subject matter jurisdiction.

## III. CONCLUSION

For the forgoing reasons, the plaintiff's complaint (ECF No. 1) is hereby **DISMISSED.** In addition, Plaintiff's motions for a stay (ECF Nos. 10, 15) are **DENIED**.[2]  The Clerk shall enter judgment accordingly.

**IT IS SO ORDERED.**

s/ Zachary N. Somers
**ZACHARY N. SOMERS**
Judge

---

[2] Plaintiff moved, in his response to the government's motion to dismiss and in his sur-reply, for a stay of proceedings until the district court ruled on his motion for a certificate of innocence.  The district court has now ruled making his motion for a stay moot; however, to the extent that the plaintiff's motion for a stay could be read as a request to stay proceedings while the district court's ruling is on appeal, this Court is nonetheless without power to grant such a stay because it does not have jurisdiction over the plaintiff's complaint.  *Johns–Manville v. United States*, 855 F.2d 1556, 1565 (Fed. Cir. 1988) ("A court may not in any case, even in the interest of justice, extend its jurisdiction where none exists.").